UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LASHAUNA LOWRY, as Next
Friend of Titus Jermaine
Cromer Jr.,

                              Case No. 19-13293

      Plaintiff,              Honorable Mark A. Goldsmith

v.                          Honorable Victoria A. Roberts, Presiding[1]


BEAUMONT HEALTH,

      Defendant.

_____/

## TEMPORARY RESTRAINING ORDER

      This morning, LaShauna Lowry ("Plaintiff"), as next friend of her

minor son Titus Jermaine Cromer Jr. ("Titus"), filed this case against

Beaumont Health ("Beaumont"), the hospital where Titus is currently on life

support.

      Plaintiff included with her complaint an emergency request for

temporary restraining order ("TRO") and preliminary injunction.  She seeks

an order: (1) "prevent[ing] Beaumont . . . from taking any action that would

necessarily and inevitably lead to Titus's death"; and (2) "requiring . . .

_____

[1] This case is assigned to the Honorable Mark A. Goldsmith.  However, due
to his unavailability, this emergency matter was referred to the presiding
judge.

Beaumont to perform [a] tracheostomy and percutaneous endoscopic gastrostomy (PEG)." [*See* ECF No. 2, PageID.176]. Plaintiff says these actions are essential before Titus can be transferred to a long-term care facility and are required to "stabilize" Titus under 42 U.S.C. § 1395dd(b) of the Emergency Medical Treatment and Active Labor Act.

The Court held a telephone conference this afternoon regarding Plaintiff's emergency request for TRO. Attending were James Rasor and Andrew Laurila for Plaintiff and Michael Turco and Michael Price for Beaumont.

For the reasons stated on the record, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's request for TRO.

Beaumont **MUST** continue to provide the current level of care to Titus – and **MUST NOT** take "any action that would necessarily and inevitably lead to Titus's death" – until Judge Goldsmith rules on Plaintiff's motion for preliminary injunction or enters a superseding order.

At this juncture, the Court declines Plaintiffs' request to require Beaumont to perform a tracheostomy and PEG procedure.

Plaintiff must file her preliminary injunction motion and supporting brief by **November 11, 2019 at 2:00 p.m.** Beaumont's response is due

**November 14, 2019 at 2:00 p.m.** Plaintiff's reply is due **November 15, 2019 at 2:00 p.m.**

Judge Goldsmith will hold a hearing on the preliminary injunction motion on **November 19, 2019 at 10:00 a.m.**

Beaumont must provide Titus's current medical records to Plaintiff's counsel immediately.

Moreover, as discussed during the phone conference, Plaintiff consents to Beaumont using Titus's HIPPA information to the extent necessary to brief pertinent matters. The parties must enter into a protective order to address HIPPA concerns. Also, Plaintiff's medical expert(s) may "seek emergency medical privileges" to examine Titus by following the process mentioned by Mr. Turco – i.e., by first contacting Dr. Les Rocher at Beaumont. If Plaintiff's medical expert(s) seek(s) emergency medical privileges from Beaumont, Beaumont must expedite the request and – to the extent feasible – provide a decision on the request within 24 hours of receiving it.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts, Presiding
United States District Judge

Dated: November 8, 2019